endorsed the accuracy of plaintiff's counsel's remarks. Again, if counsel's comments were the only trial error in the case at bar, we might have accepted the contention of plaintiff and third-party defendant that the remarks constitued harmless error. We believe, however, that Greco is entitled to present its defense and third-party complaint in an atmosphere free from prejudice, that the instant trial did not give Greco such an opportunity, and that the cause must be remanded for a new trial.

Because we are remanding the cause, we will comment briefly on other contentions made by Greco. Greco complains of certain other evidentiary rulings made by the trial court, but we find that these rulings were correctly made. Greco also contends that the giving of a certain agency instruction, I.P.I. 50.11, was error. We hold that the court correctly gave the instruction in question.

■■ We reject Greco's contention that the verdict was excessive. Plaintiff sustained severe and permanent injuries, and his medical expenses and lost wages justified such an allowance. However, we agree with Greco that it was improper to allow an estate engineer to testify as to the present worth of plaintiff's future loss of earnings based on plaintiff's total inability to work in the future. The evidence revealed that plaintiff could and did work at his trade after the occurrence. At the time of trial, plaintiff was living in Ireland and unemployed, but only because there were no jobs, not because he was physically unable to work.

For the foregoing reasons, the judgments of the circuit court are reversed and the cause is remanded for further proceedings not inconsistent with the holdings of this opinion.

Judgments reversed and cause remanded.

McGLOON, P. J., and DEMPSEY, J., concur.

WILLIAM MORRISSEY, Plaintiff-Appellant, *v.* TOM WARD, Defendant-Appellee.

(No. 55189;

First District (3rd Division)—December 7, 1972.

242

PER CURIAM.

Garretson & Santora, Robert J. Ceddia, and Sidney Z. Karasik, all of Chicago, for appellant.

Frank, Levin & Rubin, of Chicago, for appellee.

THE PEOPLE *ex rel.* SHELL OIL COMPANY, Petitioner-Appellee, *v.* THE CITY OF CHICAGO *et al.*, Respondents-Appellants.

(No. 55849;

First District—December 7, 1972.